WILL M. YAMADA, ESQ. (SBN 226669)
KATHLEEN N. MASTAGNI, ESQ. (SBN 244298)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 I Street
Sacramento, California 95814
Telephone:    (916) 446-4692
Facsimile:    (916) 447-4614

Attorney for Defendant,
Sugar Workers Union Local No. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & H SUGAR COMPANY, INC <br><br> Plaintiff, <br><br> SUGAR WORKERS UNION LOCAL NO. 1, <br><br> Defendant. | No.  C 07 3855 MEJ <br><br> **DEFENDANT SUGAR WORKERS UNION LOCAL NO. 1'S ANSWER TO PLAINTIFFS' COMPLAINT TO COMPEL ARBITRATION** |

In answer to the Complaint to Compel Arbitration (Complaint), Defendant Sugar Workers Union Local No. 1 (Local 1), admits, denies, and affirmatively alleges as follows:

1. In answer to paragraph 1 of the Complaint, Local 1 admits subject matter jurisdiction of this action.  Except as specifically admitted herein, Local 1 lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every remaining allegation contained therein.

2. In answer to paragraph 2 of the Complaint, Local 1 admits subject matter jurisdiction of this action.

3. In answer to paragraph 3 of the Complaint, Local 1 admits to venue.  Except as specifically admitted herein, Local 1 lacks information or belief sufficient to answer the

allegations, and on that basis, denies each and every remaining allegation contained therein.

4. In answer to paragraph 4 of the Complaint, Local 1 admits Plaintiff is a corporation operating a factory in Crockett, California and is an employer engaged in business activities affecting interstate commerce. Except as specifically admitted herein, Local 1 lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every remaining allegation contained therein.

5. In answer to paragraph 5 of the Complaint, Local 1 denies that it is a labor organization within the meaning of 29 U.S.C. § 152(2). Local 1 admits it exists for the purpose, at least in part, of representing employees, for collective bargaining purposes, who are employed in the appropriate bargaining unit. Local 1 also admits its principal place of business is in Crockett, California. Local 1 avers that it is a labor organization within the meaning of 29 U.S.C. § 152(5). Except as specifically admitted herein, Local 1 denies each and every remaining allegation contained therein.

6. In answer to paragraph 6 of the Complaint, Local 1 admits venue is proper. Except as specifically admitted herein, Local 1 lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every remaining allegation contained therein.

7. In answer to paragraph 7 of the Complaint, Local 1 admits it and Plaintiff, at all times material herein, have been parties to a written collective bargaining agreement. Except as specifically admitted herein, Local 1 lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every remaining allegation contained therein. Local 1 avers that parties have agreed to a collective bargaining agreement that is in effect, however, the final agreement has not been officially executed by the parties.

8. In answer to paragraph 8 of the Complaint, Local 1 admits that at all times material herein, Section XX of the Collective Bargaining Agreement contains a multi-step grievance procedure for the resolution of grievances brought by either the employer or the Union and said grievance procedure culminates in final and binding arbitration. Local 1 admits that Section XX of the Collective Bargaining Agreement contains the excerpt cited by the Plaintiff.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-2-

1  Except as specifically admitted herein, Local 1 denies each and every remaining allegation contained
2  therein.
3      9.    In answer to paragraph 9 of the Complaint, Local 1 admits that Section XX(B) of
4  of the employer grievance states:

> Any grievance which the employer may have against the Union or any of its
> members shall be presented to the Union by the Manager of Human Resources or
> a designated representative. In the event that any such grievance is not
> satisfactorily adjusted within five (5) days after such presentation, or in the case of
> an alleged violation of Section XXI within twenty-four hour (24) hours after such
> presentation, the Employer may demand arbitration.

9  Except as specifically admitted herein, Local 1 denies each and every remaining allegation
10 contained therein.
11     10.    In answer to paragraph 10 of the Complaint, Local 1 admits that Plaintiff,
12 submitted an employer grievance to the Union Business Agent Lawrence Ross ("Ross"). Except
13 as specifically admitted herein, Local 1 denies each and every remaining allegation contained
14 therein.
15     11.    In answer to paragraph 11 of the Complaint, Local 1 admits that it responded to
16 the Plaintiffs' grievance. Local 1 admits that Exhibit C is a copy of Local 1's letter to the
17 Plaintiff. Except as specifically admitted herein, Local 1 denies each and every remaining
18 allegation contained therein.
19     12.    In answer to paragraph 12 of the Complaint, Local 1 denies each and every
20 allegation contained therein.
21     13.    In answer to paragraph 13 of the Complaint, Local 1 admits that it submitted the
22 letter identified as Exhibit E to the Plaintiff. Except as specifically admitted herein, Local 1
23 denies each and every remaining allegation contained therein.
24     14.    In answer to paragraph 14 of the Complaint, Local 1 denies each and every
25 allegation contained therein.
26     15.    In answer to paragraph 15 of the Complaint, Local 1 admits that it submitted the
27 letter identified as Exhibit G, to the Plaintiff. Except as specifically admitted herein, Local 1
28 denies each and every remaining allegation contained therein.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-3-

16. In answer to paragraph 16 of the Complaint, Local 1 denies each and every allegation contained therein.

17. In answer to paragraph 17 of the Complaint, Local 1 admits that it submitted the letter identified as Exhibit I, to the Plaintiff. Except as specifically admitted herein, Local 1 denies each and every remaining allegation contained therein.

18. In answer to paragraph 18 of the Complaint, Local 1 denies each and every allegation set forth in Paragraph 18 of Plaintiff's complaint. Local 1 avers that on July 10, 2007 it sent a letter to the Plaintiff by facsimile agreeing to arbitrate this matter. A copy of this letter with the facsimile confirmation is attached hereto, as Exhibit "A".

19. In answer to paragraph 19 of the Complaint, Local 1 lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein.

20. In answer to paragraph 20 of the Complaint, Local 1 admits that Plaintiff, submitted an employer grievance. Except as specifically admitted herein, Local 1 denies each and every remaining allegation contained therein.

21. In answer to paragraph 21 of the Complaint, Local 1 denies each and every allegation contained therein. Local 1 avers that on August 13, 2007 Local 1's counsel sent a letter to Plaintiffs' counsel reiterating that Local 1 has never refused to arbitrate the employer's grievance. Furthermore, Local 1's counsel sent Plaintiffs' counsel a copy of Local 1's written letter agreeing to arbitrate the employer's grievance. Local 1's counsel also requested that Plaintiffs' counsel dismiss the complaint and that parties meet to select an arbitrator. As of August 16, 2007 Plaintiffs' counsel has not responded. A copy of this August 13, 2007 letter is attached hereto, as Exhibit "B".

22. In answer to paragraph 22 of the Complaint, Local 1 denies each and every allegation contained therein.

23. In answer to paragraph 23 of the Complaint, Local 1 denies each and every allegation contained therein.

24. In answer to paragraph 24 of the Complaint, Local 1 denies each and every

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-4-

allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. As a first affirmative defense, Local 1 alleges that the Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

26. As a second affirmative defense, Local 1 alleges that the Complaint fails to state any claim under 29 U.S.C. Section 185(a).

### THIRD AFFIRMATIVE DEFENSE

27. As a third affirmative defense, Local 1 alleges that Plaintiff's complaint is barred to the extent that Plaintiff is guilty of unclean hands in connection with the allegation set forth therein.

### FOURTH AFFIRMATIVE DEFENSE

28. As a fourth affirmative defense, Local 1 alleges that some or all of the allegations in the complaint are moot.

### FIFTH AFFIRMATIVE DEFENSE

29. As a fifth affirmative defense, Local 1 alleges that Plaintiff has failed to exhaust any and all administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

30. As a sixth affirmative defense, Local 1 alleges that Plaintiff's complaint is barred to the extent it has waived any claims by failing to respond to Local 1's agreement to arbitrate.

### SEVENTH AFFIRMATIVE DEFENSE

31. As a seventh affirmative defense, Local 1 alleges that Plaintiff's claims for attorneys fees and/or costs should be denied as they have failed to set forth a basis meriting attorneys' fees and/or costs.

WHEREFORE, Defendant respectfully requests the following relief:

1. That this Court deny Plaintiff's claims and dismiss its Complaint with prejudice;
2. That Defendant be awarded its attorneys fees and costs incurred as a result of

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-5-

1 | Plaintiff's frivolous pursuit of this Complaint, despite Defendant's request for
2 | dismissal.
3 | 3. That Defendant be awarded such other and further relief as the Court deems just
4 | and proper.

Dated: August 16, 2007

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

By: *[signature]*

WILL M. YAMADA
Attorney for Petitioner

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-6-

# Exhibit A



**SUGAR WORKERS UNION LOCAL #1**

641 Loring Avenue
P. O. Box 583
Crockett, CA 94525
(510) 787-1676
(510) 787-2788
FAX (510) 787-1676



To: Jim Dudley, Kyle Stradleigh
From: Lawrence Ross
Date: July 10, 2007
Re: Grievance # 070612

The Union will agree to arbitration in the above mentioned grievance.

Lawrence Ross

Business Agent, SWU #1

Sending Confirm
================

```
Date : JUL-10-2007  TUE 05:12PM
Name : SWU#1
Tel. : 15107871776
```

```
Phone         : 7871791
Pages         : 1/1
Start Time    : 07-10 05:10PM
Elapsed Time  : 00'17"
Mode          : ECM
Result        : Ok
```

First page of recent document transmitted...

 

**SUGAR WORKERS UNION LOCAL #1**

641 Loring Avenue
P. O. Box 583
Crockett, CA 94525
(510) 787-1676
(510) 787-2788
FAX (510) 787-1676

To: Jim Dudley, Kyle Stradleigh
From: Lawrence Ross
Date: July 10, 2007
Re: Grievance # 070612

The Union will agree to arbitration in the above mentioned grievance.

Lawrence Ross

Business Agent, SWU #1

# Exhibit B

# MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER

*A PROFESSIONAL CORPORATION*



DAVID P. MASTAGNI
JOHN R. HOLSTEDT
MICHAEL D. AMICK
AMANDA UHRHAMMER
CRAIG E. JOHNSEN
CHRISTOPHER W. MILLER
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
GREGORY S. EMERY
JONATHAN W.A. LIFF
RICHARD J. ROMANSKI
WILL M. YAMADA
JASON M. FODRINI
JOHN P. TRIBUIANO
JOSH H. WILLERT

SACRAMENTO OFFICE
1912 I STREET
SACRAMENTO, CA
95814
(916) 446-4692
FAX (916) 447-4614

CHICO: 895-3836
STOCKTON: 948-6158
SAN JOSE: 292-4802
FRESNO: 486-5580

FED. ID# 94-2678460

PHILLIP R.A. MASTAGNI
RYAN D. SIEMANTEL
RICHARD R. SUTHERLAND
JEREMIAH J. BRASHER
BRET N. BATCHMAN
MATTHEW C. MING
KATHLEEN N. MASTAGNI
ANTHONY K. McCLAREN
NATHAN E. ELMER
JAMES R. TRABER
KEVIN L. BRYANT
ANDREW S. NAHL
JAMES B. CARR
WILL P. CREGER
KIMBERLY A. ALVINO
GREGORY T. JONES

August 13, 2007

*VIA FACSIMILE & U.S. MAIL*

Daniel Newland, Esq.
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, California 94105-2930

    Re:    **C&H v. Sugarworkers Union**
           C 07 3855

Dear Mr. Newland:

    Our client has forwarded us a copy of your complaint to compel arbitration. The union has never refused to arbitrate the company's grievance. In fact, the union sent C&H a letter agreeing to arbitrate the company's grievance on July 10, 2007. Attached is a copy of the letter sent and the facsimile confirmation sheet. In light of this information, we request that you dismiss your complaint and that the parties meet to select an arbitrator as the union has already agreed to do. Please contact me with any questions.

                        Sincerely,

                        MASTAGNI, HOLSTEDT, AMICK,
                        MILLER, JOHNSEN & UHRHAMMER

                        WILL M. YAMADA
                        Attorney at Law